**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

UNITED STATES OF AMERICA                                                        PLAINTIFF

v.                                           NO. 4:12-cr-00012-JM-1

DAVID CHRISTOPHER YOUNGBLOOD                                          DEFENDANT

## ORDER

Court convened on Wednesday, May 5, 2021, for a hearing on the government's superseding motion to revoke the supervised release of defendant David Christopher Youngblood. (Doc. No. 47).   Assistant United States Attorney Stephanie Mazzanti was present for the government.   The defendant appeared in person with his attorney, Jordan Tinsley.

Upon inquiry from the Court, the defendant denied the May 21, 2019, incident recited in Violation No. 1, but admitted all other allegations in the superseding motion to revoke.   The government moved to dismiss the May 21, 2019, allegation without prejudice, which the Court granted.   Following witness testimony, the receipt of evidence, and statements from counsel and the defendant, the Court found that the defendant's conditions of supervision should be revoked, and the superseding motion was GRANTED.   The Court determined that sentencing would be held in abeyance for a period of six (6) months to allow the defendant the opportunity to demonstrate that he could comply with his conditions of supervision.   The Court further found that Youngblood's conditions of supervision should be modified.

IT IS THEREFORE ORDERED that defendant David Christopher Youngblood's conditions of supervised release are hereby modified to include the following:

- The defendant must participate in the Post-Traumatic Stress Disorder classes at the VA Hospital under the guidance and supervision of the probation office upon space becoming available in the program.

- The defendant must not consume any alcohol; and alcohol must not be present in any residence in which the defendant resides.

- The defendant must continue to participate in AA classes under the guidance and supervision of the probation office.

- The defendant must participate in marriage counseling classes. He will not be permitted to live in the marital household pending assessment and recommendation to the Court by the program counselor.

All other conditions of supervisions remain in full force and effect as previously imposed. The defendant was admonished that there will be zero tolerance if he is found to be in violation of any subsequent conditions of supervision, and that the sentence imposed would be more severe if there are further violations.

IT IS SO ORDERED this 5th day of May 2021.

_____
JAMES M. MOODY JR.
UNITED STATES DISTRICT JUDGE